UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Donovan Davis, Jr.,

    Plaintiff,

v.   Case No.:

Roy Dotson, Jr., individually;
Kara Wick, individually;
Andrew Bazemore, individually;

    Defendants.

_____/

### VERIFIED COMPLAINT

Donovan Davis, Jr. brings this complaint against Roy Dotson, Jr., Andrew Bazemore, and Kara Wick for their intentional destruction of Donovan's personal property in order to insulate themselves and others from liability for a deception of or fraud upon third parties including a federal court.

### Jurisdiction and Venue

1.

This court has jurisdiction under 28 U.S.C. § 1331, and venue is proper in this court since all the defendants have the requisite minimum contacts with the Middle District of Florida. The amount in question exceeds $75,000. The controversy involves significant issues of federal law.

2.

On June 13, 2019, Donovan submitted an administrative claim on a Standard Form 95 to the United States Secret Service, Department of Homeland Security.

3.

That claim was denied on July 29, 2019.

-1-

## Parties

4.

Plaintiff Donovan Davis, Jr., a federal prisoner, is a Florida resident who resides at Federal Correctional Complex (Low), P.O. Box 1031, Unit B-3, Coleman, FL 33521.

5.

At all relevant times, defendant Roy Dotson, Jr. was an employee and officer of the United States Secret Service, Department of Homeland Security, an agency of the United States of America. Mr. Dotson worked in the Middle District of Florida and is sued in his individual capacity.

6.

At all relevant times, defendant Kara Wick was an assistant United States Attorney at the United States Attorney's Office for the Middle District of Florida, Department of Justice, an agency of the United States of America. Ms. Wick is sued in her individual capacity.

7.

At all relevant times, defendant Andrew Bazemore was an employee and officer of the United States Secret Service, Department of Homeland Security, an agency of the United States of America. Mr. Bazemore worked in the Middle District of Florida and is sued in his individual capacity.

## Facts

8.

On March 2, 2010, through grand jury subpoena, Secret Service Agents Jeffery Seeger and Roy Dotson, Jr. obtained possession of a computer hard drive that is owned by Donovan.

9.

Agents Seeger and Dotson knew that Donovan owned the hard drive.

10.

The hard drive contained electronic information that belonged to Donovan.

11.

Agent Seeger knew that the hard drive contained electronically-stored information.

12.

Agent Dotson knew that the hard drive contained electronically-stored information.

13.

The electronic information belonging to Donovan included, but was not limited to, trade secrets, images, and intellectual property unrelated to the grand jury investigation that precipitated the transfer of the hard drive.

14.

In 2010, Agent Seeger placed the hard drive in the Secret Service's evidence vault.

15.

In or about 2010, the United States Attorney's Office for the Middle District of Florida declined to prosecute Donovan.

16.

Throughout 2011, the hard drive and its electronically-stored information remained in the Secret Service's evidence vault and was not returned to Donovan.

17.

Throughout 2012, the hard drive and its electronically-stored information remained in the Secret Service's evidence vault and was not returned to Donovan.

18.

Throughout 2013, the hard drive and its electronically-stored information remained in the Secret Service's evidence vault and was not returned to Donovan.

19.

Throughout 2014, the hard drive and its electronically-stored information remained in the Secret Service's evidence vault and was not returned to Donovan.

20.

Throughout 2015, the hard drive and its electronically-stored information remained in the Secret Service's evidence vault and was not returned to Donovan.

21.

In March 2016, Agent Seeger contacted the AUSA in charge of Donovan's case about disposing of the hard drive and its electronically-stored information.

22.

In or about 2016, Agent Seeger was instructed by AUSA Ephraim Wernick not to dispose of the hard drive or its electronic information, because Donovan's direct appeal was pending.

23.

In November 2016, Agent Seeger made a second request to dispose of the hard drive and its electronic information.

24.

This time AUSA Kidd instructed Agent Seeger not to dispose of the hard drive or its electronic information, because Donovan's direct appeal was pending.

25.

Throughout 2016, the hard drive and its electronically-stored infomration remained in the Secret Service's evidence vault and was not returned to Donovan.

26.

In February 2017, Agent Seeger made a third request to dispose of the hard drive and its electronic information.

27.

Ms. Wick instructed Agent Seeger not to dispose of the hard drive or its electronic information because Donovan's direct appeal had not concluded.

28.

On September 6, 2017, the Secret Service Agent Gerard Doret notified Donovan that he could pick up the hard drive.

29.

On October 3, 2017, Donovan's wife contacted the Secret Service's Orlando office and spoke to Agent Dotson to arrange the pick up of the hard drive.

30.

On October 3, 2017, Agent Dotson informed Mrs. Davis that she could pick up the hard drive.

31.

On October 3, 2017, Agent Dotson told Mrs. Davis that the hard drive had been erased of all its electronically-stored information.

32.

On October 10, 2017, the hard drive was removed from the Secret Service's evidence vault.

33.

On October 10, 2017, Agent Dotson learned that the electronically-stored data remained on the hard drive.

34.

Agent Dotson recognized that the electronically-stored data could prove that he and others deceived a federal district court.

35.

Agent Dotson recognized that the electronically-stored data showed others conspired to deceive a federal district court.

36.

Agent Dotson destroyed the property belonging to Donovan in order to conceal his participation in obstructing justice.

37.

On or about October 10, 2017, Ms. Wick learned that the hard drive contained electronic property unrelated to Donovan's alleged crime of conviction.

38.

Nonetheless, on October 10, 2017, Ms. Wick authorized the erasing of the hard drive, thereby destroying—without due process or just compensation—Donovan's unforfeited, non-contraband information.

39.

In order to protect her colleagues from civil, criminal, or ethics charges arising from their earlier deception of the court, Ms. Wick destroyed Donovan's property.

40.

Agent Dotson authorized the erasing of all the hard drive's electronic information.

41.

Ms. Wick authorized the erasing of all the hard drive's electronic information.

42.

On October 13, 2017, Mrs. Davis, Donovan Davis, Sr., and Oliver Phipps retrieved the hard drive from the Secret Service's Orlando office.

43.

The hard drive was taken to a forensic computer expert, Andrew von Ramin Mapp.

44.

Mr. von Ramin Mapp confirmed the that electronic-stored information hard drive was devoid of any data.

**Due Process Claims Against Roy Dotson, Jr.**

45.

Paragraphs 1-44 are incorporated into this paragraph by reference as if fully restated in this count.

46.

On October 3, 2017, Agent Dotson knew the hard drive contained electronically-stored information.

47.

On October 3, 2017, Agent Dotson knew that the electronically-stored data would expose an intentional deception of the court.

48.

Agent Dotson knew the hard drive contained property without a factual nexus to the crime.

49.

Agent Dotson knew or should have known that hard drive information belonged to and must be returned to Donovan.

50.

Agent Dotson knew that the electronically-stored data demonstrated a coordinated effort by officers of the United States and officers of the courts to deceive the district court and otherwise obstruct justice.

51.

On October 10, 2017, without notice to Donovan, Agent Dotson authorized erasing all of hard drive's electronically-stored information.

52.

Agent Dotson knew the hard drive contained Donovan's personal property that was not subject to forfeiture.

53.

Either to further the deception or to protect the deceivers or both, Agent conceived a scheme to destroy the evidence.

54.

Agent Dotson willfully destroyed Donovan's property in order to obstruct justice, thus denying Donovan due process.

55.

Wherefore, Donovan seeks actual, compensatory, and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

**Just Compensation Claim Against Roy Dotson, Jr.**

56.

Paragraphs 1-44 and 49 are incorporated into this paragraph by reference as if fully restated in this count.

57.

Agent Dotson intentionally destroyed Donovan's personal property.

58.

Donovan received no remuneration for the loss.

59.

As a practical matter, by causing the electronically-stored property to vanish, Agent Dotson prevented Donovan from receiving just compensation as the Constitution provides.

-8-

60.

The destruction of the property creates a loss that is difficult to quantify, but reconstruction of the information will entail more than $100,000.

61.

Wherefore, Donovan seeks actual, compensatory and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

**Constitutional Duty of Care Claim Against Roy Dotson, Jr.**

62.

Paragraphs 1-44 and 49 are incorporated into this paragraph by reference as if fully restated in this count.

63.

Agent Dotson's oath to uphold the Constitution created a duty of care upon Agent Dotson to ensure Donovan's property was not damaged.

64.

Agent Dotson's duty of care imposed upon him an obligation to ensure Donovan's property was returned.

65.

Agent Doston breached that duty by ensuring the property was destroyed before it was returned.

66.

Wherefore, Donovan seeks actual, compensatory and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

## Due Process Claims Against Kara Wick

67.

Paragraphs 1-44 are incorporated into this paragraph by reference as if fully restated in this count.

68.

On October 10, 2017, without notice to Donovan, Ms. Wick approved the erasing of all the hard drive's electronically-stored information.

69.

Ms. Wick knew the hard drive contained Donovan's personal property that was not subject to any forfeiture order.

70.

Ms. Wick knew the personal property would demonstrate that her employer and colleagues had intentionally deceived a court in order to obstruct justice.

71.

Nevertheless, Ms. Wick authorized the destruction of the property.

72.

Thereby, protecting Ms. Wick's colleagues misconduct from being discovered.

73.

Ms. Wick's actions denied Donovan due process of law.

74.

Wherefore, Donovan seeks actual, compensatory and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

### Just Compensation Claim Against Kara Wick

75.

Paragraphs 1-44 and 68-72 are incorporated into this paragraph by reference as if fully restated in this count.

76.

Ms. Wick intentionally destroyed Donovan's personal property.

77.

Donovan received no remuneration for the loss.

78.

As a practical matter, Ms. Wick's actions prevented Donovan from availing himself of the Constitution's just compensation provisions; by causing the property to vanish, the extent of the losses become difficult to calculate.

79.

Cost of recovering and reproducing the destroyed property exceeds $100,000.

80.

Wherefore, Donovan seeks actual, compensatory and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

### Constitutional Duty of Care Claim Against Kara Wick

81.

Paragraphs 1-44 and 68-72 are incorporated into this paragraph by reference as if fully restated in this count.

82.

Ms. Wick's oath to uphold the Constitution created a duty of care upon Ms. Wick to ensure Donovan's property was not damaged.

83.

Ms. Wick's duty of care imposed upon her an obligation to ensure Donovan's property was returned.

84.

Ms. Wick intentionally ordered the destruction of Donovan's property.

85.

Ms. Wick breached her constitutional duties by ordering the private property destroyed.

86.

Wherefore, Donovan seeks actual, compensatory and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

### Due Process Claim Against Andrew Bazemore

87.

Paragraphs 1-44 are incorporated into this paragraph by reference as if fully restated in this count.

88.

On and before October 10, 2017, Agent Bazemore had responsibility for the hard drive.

89.

On or before October 2017, Agent Bazemore had dominion and control of the hard drive.

90.

On October 10, 2017, without notice to Donovan, Agent Bazemore erased all of the hard drive's electronically-stored information.

91.

Agent Bazemore knew the hard drive contained Donovan's personal property that was not subject to any forfeiture order.

92.

Without due process of law, Agent Bazemore's actions deprives Donovan of property with a replacement value of more than $100,000.

93.

Wherefore, Donovan seeks actual, compensatory and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

**Just Compensation Claim Against Andrew Bazemore**

94.

Paragraphs 1-44 are incorporated into this paragraph by reference as if fully restated in this count.

95.

Agent Bazemore intentionally destroyed Donovan's personal property.

96.

Donovan received no remuneration for the loss.

97.

As a practical matter, by causing the electronically-stored property to vanish, Agent Bazemore prevented Donovan from receiving just compensation as the Constitution provides.

98.

The destruction of property creates a loss that is difficult to quantify, but reconstruction of the information will entail more than $100,000.

99.

Wherefore, Donovan seeks actual, compensatory, and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

### Constitutional Duty of Care Claim Against Andrew Bazemore

100.

Paragraphs 1-44 are incorporated into this paragraph by reference as if fully restated in this count.

101.

Agent Bazemore's oath to uphold the Constitution created a duty of care upon Agent Bazemore to ensure Donovan's property was not damaged.

102.

Agent Bazemore's duty of care imposed upon him an obligation to ensure Donovan's property was returned.

103.

Agent Bazemore breached that duty by ensuring the property was destroyed before it was returned.

104.

Wherefore, Donovan seeks actual, compensatory, and consequential damages in an amount determined by a jury and such other relief as the law permits and the court finds appropriate.

### Prayer for Relief

Donovan requests this court award actual and consequential damages in an amount to be determined by the jury against Ms. Wick, Agents Dotson and Bazemore, the damage to be jointly or separably due as the jury award may require, and such other relief as appropriate and fair.

## Jury Demand

Donovan demands a jury trial of his constitutional claims against Agents Dotson, Bazemore and Ms. Wick.

Respectfully submitted by Donovan Davis, Jr. on this 5th day of September 2019:

_____
Donovan Davis, Jr.
Reg. No. 60439-018         Unit B-3
Federal Correctional Complex (Low)
P.O. Box 1031
Coleman, Florida 33521

## VERIFICATION

Under penalty of perjury as authorized in 28 U.S.C. § 1746, I declare that the factual allegations and factual statements contained in this document are true and correct to the best of my knowledge.

_____
Donovan Davis, Jr.