UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONOVAN DAVIS, JR.,

    Plaintiff,

v.                                                 Case No: 8:19-cv-2235-T-36TGW

ROY DOTSON, JR., KARA WICK, and
ANDREW BAZEMORE,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendant Kara Wick's Motion to Dismiss Complaint (Doc. 11), Defendants Roy Dotson, Jr. and Andrew Bazemore's Motion to Dismiss Complaint (Doc. 17), Plaintiff's responses thereto (Docs. 16, 28), Plaintiff's Motion for Leave to Amend the Complaint (Doc. 26), Defendants' response in opposition (Doc. 32), Plaintiff's Objections to the Magistrate's Order (Doc. 34), and Defendants' response in opposition (Doc. 37). The Court, having considered the motions and being fully advised in the premises will grant Defendants' Motions to Dismiss, deny Plaintiff's Motion for Leave to Amend, and overrule Plaintiff's objection to the Magistrate Judge's Order.

**I.    BACKGROUND[1]**

Plaintiff Donovan Davis, Jr. ("Plaintiff" or "Davis") filed a Verified Complaint ("Complaint") against Defendants Roy Dotson, Jr. ("Dotson"), Kara Wick ("Wick"), and Andrew Bazemore ("Bazemore"). Doc. 1. Dotson and Bazemore are officers of the United States Secret

---

[1] The following statement of facts is derived from the Verified Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant motion. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Service and Wick is an Assistant United States Attorney. *Id.* ¶¶ 5–7. Davis filed this action against them in their individual capacities for erasing electronically-stored data contained on a computer hard drive that had been confiscated by Secret Service Agents pursuant to a grand jury subpoena. *Id.* ¶¶ 8, 36–38. Davis alleges that Dotson destroyed the data, despite knowing that it belonged to Davis, to obstruct justice because Dotson believed the information on the hard drive could prove that Dotson and others deceived a federal district court. *Id.* ¶¶ 34–36. Davis also alleges that Wick authorized the destruction of the electronic property unrelated to Davis' crime. *Id.* ¶¶ 36–37.

Davis alleges that Dotson deprived Davis of his property without due process and seeks damages for his injuries. *Id.* ¶¶ 45–55. Davis claims he is entitled to compensation of more than $100,000 from Dotson. *Id.* ¶¶ 57–60. Davis alleges three claims against Dotson, including a violation of Davis' rights to due process, a claim for compensation, and a claim alleging that Dotson violated his oath to uphold the United States Constitution by allowing Davis' property to be damaged while in his care. *Id.* ¶¶ 45–66.

Likewise, Davis alleges that Wick violated Davis' due process rights by approving the destruction of his property, raises a claim for compensation in an amount exceeding $100,000, and claims that Wick violated her constitutional duty of care assumed when she took an oath to uphold the Constitution. *Id.* ¶¶ 67–86.

With respect to Bazemore, Davis alleges that he was responsible for the hard drive with dominion and control over it. *Id.* ¶¶ 88–89. Davis also alleges that Bazemore erased the hard drive's electronically-stored data without notice to Davis and despite knowing that it contained personal property that was not subject to any forfeiture order. *Id.* ¶¶ 90–91. Accordingly, based on these allegations, Davis also alleges claims that Bazemore violated Davis' due process rights,

that he is entitled to compensation in excess of $100,000, and that Bazemore violated his constitutional duty of care.  *Id.* ¶¶ 88–104.

Wick filed a Motion to Dismiss arguing that Plaintiff fails to state a claim against her in her individual capacity because such claims are not authorized by *Bivens v. Six Unknown Narcotic Agents*, 403 U.S. 388 (1971).  Doc. 11 at 5–10.  Alternatively, Wick argues that she is entitled to qualified immunity on Plaintiff's claims.  *Id.* at 11–15.  Defendants Davis and Bazemore likewise filed a Motion to Dismiss presenting the same arguments.  Doc. 17.

Plaintiff opposes Defendants' motions.  Docs. 16, 28.  Plaintiff argues in response to Wick's Motion to Dismiss that he has an implied cause of action under the United States Constitution and the *Bivens* doctrine should be expanded to include his claims.  Doc. 16.  Additionally, Plaintiff argues that Wick is not entitled to immunity.  *Id.*  Likewise, Plaintiff argues in response to Davis and Bazemore's Motion to Dismiss that his claims are covered by *Bivens* or, alternatively, that *Bivens* should be expanded to provide a remedy for his claims.  Doc. 28.  Plaintiff also argues that Davis and Bazemore are not entitled to qualified immunity.  *Id.*

After the Motions to Dismiss were filed, Plaintiff filed a Motion for Leave to Amend the Complaint, together with the proposed amended complaint.  Doc. 26.  The proposed amended complaint does not address the concerns raised by Defendants in their Motions to Dismiss, but instead adds additional claims.  Doc. 26-1.  Defendants oppose Plaintiff's Motion for Leave to Amend, arguing that amendment would be futile.  Doc. 32.

Further, Plaintiff filed a motion seeking to disqualify Defendants' counsel, arguing that a statement contained in a Motion to Dismiss suggests counsel is a fact witness.  Doc. 24.  Defendants respond that the statement was mere inference based on the allegations of the Complaint and Plaintiff fails to meet his burden of showing counsel should be disqualified.  Doc.

3

27. Plaintiff's Motion to Disqualify was referred to the Magistrate Judge, who entered a paperless Order denying Plaintiff's motion for the reasons contained in Defendants' response. Doc. 29. Plaintiff objects to this order. Doc. 34. Plaintiff contends that the Magistrate Judge was not authorized to rule on the motion because Plaintiff did not consent to jurisdiction by the Magistrate Judge. *Id.* at 2. Plaintiff further argues that Defendants' counsel and counsel's office—the United States Attorney's Office for the Middle District of Florida—must be disqualified because Plaintiff's ex-wife worked for that office. *Id.* at 4. This conflict of interest resulted in the United States Attorney's Office recusing itself in a different proceeding. *Id.* Plaintiff also provides various allegations against Defendants' counsel and the United States Attorney's Office as to why they should not be permitted to act as counsel in this case. *Id.* at 6–13.

## II.    LEGAL STANDARD

### A.    Objection to Magistrate Judge's Order

Plaintiff's Motion to Disqualify is a pre-trial motion that falls within the United States Magistrate Judge's jurisdiction under 28 United States Code Section 636(b) and Local Rule 6.01(c)(18). Motions to disqualify counsel are non-dispositive matters which may be referred to a magistrate judge and reviewed by the district court under the "clearly erroneous standard."[2] *See* Fed. R. Civ. P. 72(a); *United States v. Fla. Cities Water Co.*, 93-281-CIV-FTM-21, 1995 WL 340980, at *1 (M.D. Fla. Apr. 26, 1995); *see also Voter Verified, Inc. v. Premier Election Sols., Inc.*, 6:09-cv-1968-Orl-19KRS, 2010 WL 2243708, at *2 (M.D. Fla. June 4, 2010). Thus, the Court will reverse the ruling of the Magistrate Judge only if it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A).

---

[2] Plaintiff's Motion to Disqualify was referred to the Magistrate Judge on January 13, 2020. *See* Doc. 24.

4

B. **Motion to Dismiss**

To survive a motion to dismiss, a pleading must include a "short and plain statement showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions, too, are insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citation omitted).

In reviewing a *pro se* complaint, the Court holds the pleading to a less stringent standard and construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction of *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless

have required them to conform to procedural rules.") (Citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Objections to the Magistrate's Order

Plaintiff seeks review of the Magistrate Judge's paperless Order denying Plaintiff's Motion for Show Cause Order on Whether to Disqualify Defendants' Attorney Lacy Harwell. Docs. 29, 34. In the Motion to Disqualify, Plaintiff contends that Harwell is a material witness who may not represent Defendants. Doc. 24. Plaintiff bases this contention on a statement in the Motion to Dismiss that the hard drive "contained commingled information," which Plaintiff contends Harwell could know only by investigating evidence and becoming a witness to these proceedings. *Id.* at 2.

Defendants respond that this is nonsense. Doc. 27 at 4. Defendants argue that counsel's statement on which Plaintiff bases his claim is a reasonable interpretation of the Complaint and that even if Defendants' counsel was a witness, Plaintiff failed to establish that counsel is a necessary fact witness on any subject. *Id.* Magistrate Judge Wilson entered a paperless order denying Plaintiff's Motion to Disqualify for reasons stated in Defendants' response. Doc. 29.

"The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1310 (S.D. Fla. 2010) (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). Disqualification of counsel is a drastic remedy that is applied sparingly. *Id.* (citing *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982)). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (internal quotation marks omitted).

The Magistrate Judge's decision that Plaintiff failed to meet the burden for the drastic remedy of disqualifying Defendants' counsel is not clearly erroneous or contrary to the law. Plaintiff did not identify any compelling reasons for disqualifying Defendants' counsel. The statement contained in the Motion to Dismiss is a fair interpretation of the allegations of the Complaint and does not indicate that Harwell is a material witness. Doc. 1 ¶ 13 ("The electronic information belonging to Donovan included, *but was not limited to*, . . . intellectual property unrelated to the grand jury investigation that precipitated the transfer of the hard drive.") (emphasis added).

Likewise, Plaintiff has not established that any conflict prevents Harwell from acting as counsel in this case. Plaintiff asserts no more than conjecture regarding the United States Attorney's Office and its purported misconduct. Additionally, Harwell has had no role in any other proceeding involving Plaintiff and does not work in the same office as Plaintiff's ex-wife. Doc. 37 at 5. Accordingly, Plaintiff's objection to the Magistrate Judge's Order is overruled. The Order of the Magistrate Judge is affirmed.

**B.     Motion to Dismiss**

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. Docs. 11, 17. The United States Supreme Court held in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), "that injured plaintiffs can bring an action for damages against federal officers for violations of their constitutional rights." *Johnson v. Burden*, 781 F. App'x 833, 836 (11th Cir. 2019) (citing *Behrens v. Regier*, 422 F.3d 1255, 1263 n.15 (11th Cir. 2005)); *see also Dorman v. Simpson*, 893 F. Supp. 1073, 1078 (N.D. Ga. 1995) ("In *Bivens*, the Supreme Court created a cause of action for money damages against federal employees in their individual capacities for constitutional violations.") (citing

*Bivens*, 403 U.S. 388)). The Eleventh Circuit also clarified, however, "that the expansion of *Bivens* beyond the three specific contexts [the Supreme Court] has recognized is disfavored." *Johnson*, 781 F. App'x at 836 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Those contexts include a case under the Fourth Amendment to the United States Constitution based on a search and seizure, a case under the Fifth Amendment to the United States Constitution based on gender discrimination, and a case under the Eighth Amendment to the United States Constitution for cruel and unusual punishment. *Id.*

The Eleventh Circuit explained that the application is so limited because "[w]hen a party seeks to assert an implied cause of action under the Constitution . . . it is usually Congress who should decide whether to provide for damages as a remedy, not the courts." *Id.* (citing *Abbasi*, 137 S. Ct. at 1857). Likewise, the Supreme Court recently advised that it is "reluctant to create new causes of action" in "constitutional cases," because "Congress is best positioned to evaluate 'whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government' based on constitutional torts." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Abbasi*, 137 S. Ct. at 1857). The Supreme Court recognized that it has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Id.*

To determine whether a claim falls under a context other than that of *Bivens* and its progeny, the Court looks to whether the "case differs in a meaningful way from previous *Bivens* cases decided by the Supreme Court . . . ." *Culver v. Fed. Bureau of Prisons*, No. 5:18cv160-TKW-HTC, 2019 WL 5298551, at *2 (N.D. Fla. Sept. 24, 2019). A case may differ in a meaningful way due to:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer

8

> should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* (quoting *Abbasi*, 137 S. Ct. at 1860).

"*Bivens* concerned an allegedly unconstitutional arrest and search carried out in New York City[.]" *Hernandez*, 140 S. Ct. at 744. *Davis*, one of the successor cases, "concerned alleged sex discrimination on Capitol Hill . . . ." *Id.* The third case, *Carlson v. Green*, 446 U.S. 14 (1980), alleged that federal prison officials violated the Eighth Amendment by failing to provide adequate medical treatment for the prisoner's asthma. *Abbasi*, 137 S. Ct. at 1855. "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself. *Id.*

Here, Plaintiff's due process, compensation, and constitutional duty of care claims are not among those recognized in *Bivens* and its progeny. None of those cases claimed damages from alleged constitutional violations resulting in property damage. Indeed, Plaintiff has not identified any law that imposes a constitutional duty of care on federal officers with respect to personal property. "Only in certain limited circumstances does the Constitution impose affirmative duties of care on the state." *K.W. v. Lee Cty. Sch. Bd.*, 67 F. Supp 3d 1330, 1336 (M.D. Fla. 2014) (citing *Doe v. Braddy*, 673 F.3d 1313, 1318 (11th Cir. 2012)). Instead, cases finding a constitutional duty of care include duties with respect to people, not property. *Id.* ("As originally defined by the Supreme Court, [the circumstances imposing affirmative duties of care on the state] exist where (1) the state takes a person into custody, confining him against his will, and (2) when the state creates the danger or renders a person more vulnerable to an existing danger.").

Because Plaintiff's claims are not among those previously recognized, the Court looks to whether the context of the claims differs in a meaningful way. Here, Plaintiff's claims are

9

essentially regarding loss of or damage to personal property. This type of claim is meaningfully different from prior *Bivens* cases, none of which involved this type of injury. *Ochoa v. Bratton*, No. 16-cv-2852 (JGK), 2017 WL 5900552, at *6 (S.D.N.Y. Nov. 28, 2017) (finding that the plaintiff's claim under the Due Process Clause of the Fifth Amendment arising from the defendants' failure to return property seized in conjunction with an arrest arose in a context different from those recognized by the Supreme Court in *Bivens* and its progeny).

To determine whether to expand *Bivens* to a new context, the Court looks to whether there are special factors that counsel hesitation about granting an extension of *Bivens*. *Hernandez*, 140 S. Ct. at 743. In other words, the Court examines whether reason exists "to pause before applying *Bivens* in a new context or to a new class of defendants," in which case the Court denies an extension. *Id.* In determining whether such factors or reasons exist, the central considerations are the principles of separation of powers, including "the risk of interfering with the authority of other branches," "whether 'there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy,' . . . and 'whether the Judiciary is well suited, absent congressional action or instruction, to consider the costs and benefits of allowing a damages action to proceed,' . . . ." *Id.* (quoting *Abassi*, 137 S. Ct. at 1857-58). Also, the Court should consider whether the plaintiff has other forms of relief. *Id.* at 744.

Here, Defendants point out that other, congressionally-created remedies exist for Plaintiff's claims, which weighs against extending *Bivens* to this new context. For example, the Court of Federal Claims has jurisdiction for claims for money damages against the United States arising under the federal constitution. 28 U.S.C. § 1491(a)(1). Additionally, under 31 U.S.C. § 3724(a), "[t]he Attorney General may settle, for not more than $50,000 in any one case, a claim for . . . damage to, or loss of, privately owned property, caused by an investigative or law enforcement

officer . . . acting within the scope of employment . . . ." This suggests that expanding the remedy provided by *Bivens* to Plaintiffs' claims is inappropriate.

Another court has denied a *Bivens* claim similar to the one at hand, recognizing that alternative remedies counselled against extending *Bivens*. *See Bonneau v. Maxwell*, No. 3:12-CV-130-PA, 2012 WL 3644140 (D. Or. Aug. 23, 2012). There, federal officers seized the plaintiff's computers while executing a search warrant and when the property was recovered, the hard drives had been wiped of any data. *Id.* at *1. The plaintiff filed a *Bivens* action seeking nearly $1.7 million in compensatory damages and over $5 million in punitive damages. *Id.* The United States District Court for the District of Oregon dismissed the case for failure to state a claim. *Id.* at *3 (granting the defendants' motion to dismiss and dismissing the action with prejudice). The court recognized that the plaintiff had alternative remedies available to him through the Federal Tort Claims Act if the defendants' actions were negligent, or pursuant to 31 U.S.C. § 3724(a) if the actions were intentional. *Id.*; *see also Ochoa*, 2017 WL 5900552, at *6 (dismissing *Bivens* claim for failure to return property seized during an arrest because an alternate remedial structure protected the plaintiff's property interest).

Based on the above, the Court declines to extend *Bivens* to this new context. Therefore, Plaintiff cannot state a claim against Defendants for the loss of information on his hard drive. Accordingly, Plaintiff's Complaint will be dismissed.[3]

---

[3] Because the issue of whether Plaintiff stated a claim is dispositive, the Court need not address Defendants' arguments that they are entitled to qualified immunity, except to say that the Court agrees with Defendants' arguments. Doc. 11 at 13-15; Doc. 17 at 11-14.

### C. Amendment

#### 1. Plaintiff's Motion for Leave to Amend

Plaintiff requests leave to amend his complaint to add claims that he discovered after this case commenced. Doc. 26. The proposed amended complaint contains the same allegations against Defendants and the same claims. Doc. 26-1 ¶¶ 1–104. Additionally, the proposed amended complaint adds claims against Wick alleging that she destroyed Plaintiff's laptop computer and its electronically-stored information, as well as claims that she violated the Fourth Amendment by searching the laptop's electronically-stored information and violated Plaintiff's procedural due process rights by destroying the laptop and its electronically-stored information without notice or an opportunity to be heard. *Id.* ¶¶ 105–141, 174–184. More specifically, Plaintiff alleges that his laptop was searched and seized without a warrant and that when Wick learned through the illegal search that the information on the laptop inculpated her colleague in deception to the Court, she authorized destruction of the computer. *Id.* ¶¶ 110, 117–23. Plaintiff states the same allegations against Dotson regarding the destruction of the laptop and its electronically-stored information, and the illegality of the search under the Fourth Amendment and violation of his due process rights. *Id.* ¶¶ 142–173. Plaintiff seeks just compensation against Wick and Dotson for destruction of the laptop and its electronically-stored information, as well as for Wick's and Dotson's violations of their duty of care. *Id.* ¶¶ 185–213.

Plaintiff's proposed new claims also cannot succeed. These claims are against Defendants in their individual capacities and do not fall under those claims permitted by *Bivens* and its progeny to be brought against federal employees in their individual capacities. Although Plaintiff's proposed amended complaint includes claims under the Fourth Amendment—which was at issue in *Bivens*—the context of a search of a laptop is different. *Simmons v. Maiorana*, No. 3:16-cv-

1083, 2019 WL 4410280, at *13 (M.D. Penn. Aug. 23, 2019) (dismissing the plaintiff's *Bivens* claim that alleged seizure of money from a bank account without a warrant because it was a different context than that of *Bivens*, which involved "a warrantless arrest and warrantless search of a residence."). Likewise, although Plaintiff claims a violation of his procedural due process rights, *Bivens* and its progeny did not involve such a claim, meaning Plaintiff's due process claims arise under a new context. *Cf. Flemings v. U.S. Sec. Assocs. Inc.*, No. 18-24861-CIV-SCOLA/MCALILEY, 2020 WL 981183, at *3 (S.D. Fla. Jan. 31, 2020) (dismissing a *Bivens* claim alleging improper process because it arose in a new context). Because, as previously discussed, alternate remedies are available to Plaintiff, the Court will not extend *Bivens* to these new contexts. Accordingly, the Court will deny Plaintiff's Motion for Leave to Amend the Complaint. Doc. 26.

### 2. Futility

"Ordinarily, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,' *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)), leave to amend 'should be freely given,' Fed. R. Civ. P. 15(a)." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). Indeed, "[a] party who requests leave to amend must ordinarily be given at least one opportunity to do so before the complaint is dismissed" unless "amendment would be futile." *Bravo v. Loor-Tuarez*, 644 F. App'x 994, 995 (11th Cir. 2016) (citing *Coresso v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). A proposed amendment is futile where "the amended complaint would not survive a motion to dismiss." *Christmas v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (citing *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010)). If a proposed amended complaint fails to state a claim, a district court does not abuse its discretion by denying leave to amend. *Id.* at 845 (affirming dismissal of a

13

complaint and denial of leave to file an amended complaint where the proposed first amended complaint failed to state a claim on which relief could be granted).

Here, Plaintiff's Complaint fails to state a claim against the individual Defendants because he cannot state a *Bivens* claim against Defendants based on the facts alleged. Plaintiff submitted a proposed amended complaint that could not withstand a motion to dismiss. Indeed, the proposed amended complaint was submitted after Defendants filed motions to dismiss identifying the deficiencies of Plaintiffs' claims, but Plaintiff made no attempt to cure these deficiencies. Based on these facts and the proposed amended pleading, it is apparent that granting leave to file an amended complaint would be futile. Therefore, the Court will dismiss Plaintiff's Complaint with prejudice. Accordingly, it is

**ORDERED**:

1. Defendant Kara Wick's Motion to Dismiss Complaint (Doc. 11) is **GRANTED**.

2. Defendants Roy Dotson, Jr. and Andrew Bazemore's Motion to Dismiss Complaint (Doc. 17) is **GRANTED.**

3. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 26) is **DENIED.**

4. Plaintiff's Objection to the Magistrate's Order (Doc. 34) is **OVERRULED.** The Magistrate Judge's Order denying Plaintiff's Motion for Show Cause Order on Whether to Disqualify Defendants' Attorney Lacy Harwell (Doc. 29) is **AFFIRMED**.

5. This case is **DISMISSED with prejudice.**

6. The Clerk is directed to terminate all pending motions and deadlines and **CLOSE** this case.

Case 8:19-cv-02235-CEH-TGW   Document 48   Filed 07/20/20   Page 15 of 15 PageID 320

**DONE AND ORDERED** in Tampa, Florida on July 20, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any